Bertram R. Gelfand, S.
This is an ex parte application for an order directing decedent’s executor to show cause why he should not be removed. Petitioner describes himself as the ‘ ‘ attorney of record, representing the Executor ’ ’ until March, 1974. The petition indicates petitioner’s representation of the executor ceased when petitioner commenced an action against the executor for payment of certain funds. This action is presently pending before this court and is scheduled for trial on January 22, 1975. Petitioner also describes his status as a creditor of the estate and a party acting pursuant to the directions of two legatees. The executor is presently represented by new counsel.
The petition and supporting affidavit by the legatees refers to alleged acts of omission of the executor during the period when petitioner represented the executor. A copy of a letter dated May 15, 1974 that is signed by petitioner and addressed to the executor is annexed to the application. This letter indicates that when petitioner ceased to represent the executor he undertook to represent a legatee in a posture adverse to the executor. An attorney whom petitioner has stated in open court is an office associate of his appears on this application as the attorney for petitioner.
The posture adopted by petitioner raises serious ethical considerations under canons 4 and 5 of the Code of Professional Responsibility. The application reeks of the possibility that petitioner is in the posture of a lawyer using information acquired in the course of the representation of a client to the disadvantage of the client. The maintenance of public confidence in the confidentiality of the attorney-client relationship and the sanctity of the judicial process dictate that an attorney not be permitted to place himself in a posture where it even appears that the possibility exists that he is using against a former client, to help a new client, information gained while representing the earlier client. It is the opinion of this court that a proper respect for reality dictates that this preclusion extend to the executor’s former attorney acting as a petitioner upon this application as well as to his office associate acting as counsel.
Petitioner’s claim against the executor will be litigated on January 22, 1975. He has no need as a creditor to pursue the instant application. Petitioner proceeding at the “ direction” of other parties in interest constitutes cle facto acting as an attorney in circumstances offensive to the spirit, if not the letter, of the Code of Professional Responsibility. Any knowledge *756 gained as a result of petitioner having been the executor’s attorney constitutes privileged information (CPLR 4503, subd. [a]). It is the opinion of this court that the reasoning of Rotante v. Lawrence Hosp. (46 A D 2d 199), extends to the facts of this matter. The application for an order to show cause is denied without prejudice to any party in interest other than petitioner renewing the application pro se or represented by counsel who is clearly independent of this petitioner. Petitioner is admonished not to disclose to any third parties any information gained as a result of his attorney-client relationship with the executor without the express consent of the executor, except as needed and pertinent to the prosecution of his claim for compensation and/or reimbursement of disbursements.